RECEIVED
IN ALEXANDRIA, LA
JAN - 6 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RAYMOND BLAKE PETERS #345595 | DOCKET NO. 09-CV-1435; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| 9TH JUDICIAL DISTRICT COURT | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Raymond Blake Peters filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 4, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and at the time of filing suit, he was incarcerated at the Rapides Parish Detention Center. Plaintiff seeks an immediate release from custody as well as $95,000 dollars for lost property and wages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Plaintiff complains that he is wrongfully incarcerated because the defendant court improperly revoked his probation.

### Law and Analysis

Generally, civil rights suits are the proper vehicle to attack the unconstitutional conditions of confinement and prison procedures. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37

F.3d 166, 168 (5th Cir. 1994)(holding that a §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). A ***habeas petition*** - filed pursuant to 28 U.S.C. §2254 - is the proper vehicle to seek release from custody. See id.

In this case, Plaintiff seeks both a release from prison and damages. The request for immediate release must be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

To the extent that Plaintiff is seeking damages for a period of illegal incarceration, he fails to state a claim for which relief may be granted under §1983. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus,

a plaintiff seeking damages pursuant to §1983 for unconstitutional imprisonment that has not satisfied the favorable termination requirement of Heck is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000).

Here, Plaintiff has failed to allege, and it is evident, that Plaintiff's probation revocation has not been set aside or overturned. Accordingly, Plaintiff's complaint and request for monetary damages for his "wrongful" incarceration should be dismissed with prejudice, until he has satisfied the Heck requirements, for failure to state a claim. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(holding that a §1983 claim based on the duration of a prisoner's incarceration must be dismissed unless the plaintiff has established the invalidity of the fact of, or the length of, his confinement); Wells v. Bonner, 45 F.3d 90, 94 (5th Cir. 1995)(holding that a §1983 claim does not accrue until the Heck conditions have been satisfied).

Before filing a federal habeas corpus action, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509

(1982).[1]

## Conclusion

Because Plaintiff challenges the fact and duration of his confinement and seeks an immediate release from custody, **IT IS RECOMMENDED THAT** Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2)(B). Plaintiff may file a *petition for habeas corpus* after exhausting the proper remedies.

Plaintiff's claim for monetary damages should be **DISMISSED WITH PREJUDICE** to being asserted again until such time as the Heck conditions are satisfied.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

---

[1] Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990). Specifically, the proper procedure in Louisiana for challenging the computation of a sentence is as follows:
    (1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.
    (2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.
    (3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).
    (4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. <u>See</u>, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 6th day 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE